FILED

NOV 21 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal Number: 05-411 (ESH) |
| | : | |
| | : | VIOLATION: |
| | : | |
| | : | Count One: |
| | : | 18 U.S.C. § 371 |
| v. | : | (Conspiracy) |
| | : | |
| MICHAEL P. S. SCANLON, | : | |
| | : | |
| Defendant. | : | |

## PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America and the defendant, MICHAEL P.S. SCANLON, agree as follows:

1. The defendant is entering into this agreement and is pleading guilty freely and voluntarily without promise or benefit of any kind, other than contained herein, and without threats, force, intimidation, or coercion of any kind.

2. The defendant knowingly, voluntarily and truthfully admits the facts contained in the attached Factual Basis for Plea.

3. The defendant agrees to waive indictment and plead guilty to the offense charged in the attached Information which is one count of conspiracy to violate federal law, specifically bribery in violation of 18 U.S.C. § 201; property mail and wire fraud in violation of Title 18 U.S.C. §§ 1341 and 1343; and honest services mail and wire fraud in violation of Title 18 U.S.C. §§ 1341, 1343, and 1346, all in violation of 18 U.S.C. § 371. The defendant admits that he is

guilty of this crime, and the defendant understands that he will be adjudicated guilty of this offense if the Court accepts his guilty plea.

4. The defendant understands the nature of the offense to which he is pleading guilty, and the elements thereof, including the penalties provided by law. The maximum penalty for violating the law specified in the Information is five years of imprisonment, a fine of $250,000, and a mandatory special assessment of $100. The defendant understands that the Court may impose a term of supervised release to follow any incarceration, in accordance with 18 U.S.C. § 3583. The authorized term of supervised release is not more than three years. The defendant also understands that the Court will impose restitution, and may impose costs of incarceration, and costs of supervision.

5. The defendant understands and agrees that restitution to victims of this offense is mandatory. The loss to the victims is estimated to be $19,698,644. The parties understand that under the law the defendant is entitled to argue for offsets based on the amounts paid or agreed to be paid to those victims by potentially responsible third parties. The defendant agrees not to transfer or otherwise encumber his assets except with notice to, and consent of, the undersigned representatives of the United States until such time as this agreement is filed with the Court, at which point the defendant must seek leave of Court to transfer or otherwise encumber his assets. The parties agree that the defendant will not be required to obtain the consent of the United States for property transfers necessary to pay ordinary living expenses, ordinary business expenses and attorneys fees. The defendant agrees as part of this agreement that he will provide to the United States detailed information about his income, assets, expenses and liabilities within 30 days of the date of this agreement. Thereafter, Scanlon will provide on a monthly basis and as otherwise

2

requested a report of all financial transactions valued at $5,000 or more, including all income, expenditures and transfers of funds or property.

6. If the Court accepts the defendant's plea of guilty and the defendant fulfills each of the terms and conditions of this agreement, the United States agrees that it will not further prosecute the defendant for crimes described in the factual basis attached as Exhibit A or disclosed by Scanlon in debriefing sessions with the United States on or before November 9, 2005. Nothing in this agreement is intended to provide any limitation of liability arising out of any acts of violence.

7. The defendant understands and agrees that federal sentencing law requires the Court to impose a sentence which is reasonable and that the Court must consider the advisory U.S. Sentencing Guidelines in effect at the time of the sentencing in determining a reasonable sentence. Defendant also understands that sentencing is within the discretion of the Court and that the Court is not bound by this agreement. Defendant understands that facts that determine the offense level will be found by the Court at sentencing and that in making those determinations the Court may consider any reliable evidence, including hearsay, as well as provisions or stipulations in this plea agreement. Both parties agree to recommend that the sentencing guidelines should apply pursuant to <u>United States v. Booker</u> and that they provide a fair and just resolution based upon the facts of this case. Defendant further understands the obligation of the United States to provide all relevant information regarding defendant, including charged and uncharged criminal offenses, to the United States Probation Office. Defendant also states that he has had ample opportunity to discuss, and has in fact discussed, the impact of the sentencing guidelines and the statutory maximum sentence with his attorney and is satisfied with his attorney's advice in this case.

8. The defendant understands and agrees that the United States reserves, at the time of sentencing, the right of allocution, that is the right to describe fully, both orally and in writing, to the Court the nature, seriousness and impact of the defendant's misconduct related to the charges against him or to any factor lawfully pertinent to the sentence in this case. The United States will also advise the court of the nature, extent and timing of the defendant's cooperation. The defendant further understands and agrees that in exercising this right, the United States may solicit and make known the views of the law enforcement agencies which investigated this matter.

9. The defendant and the United States agree that the following United States Sentencing Guidelines ("U.S.S.G.") apply based upon the facts of this case:

a. The parties agree that the 2003 Sentencing Guidelines Manual governs the guideline calculations in this case. All references in this agreement to the U.S.S.G. refer to that manual.

b. The parties agree that the total offense level applicable to the defendant's offense conduct is Level 24. This level is calculated as follows:

I. Fraud Offenses:

| | |
|---|---|
| Base Offense level § 2B1.1 | 6 |
| § 2B1.1(b)(1)(L) loss of more than $7,000,000 | 20 |
| | 26 |

II. Corruption Offenses:

| | |
|---|---|
| Base Offense level § 2C1.1 | 10 |
| §§ 2C1.1(b)(1) and (2)(B) | 2 |
| § 2C1.1(b)(2)(b) | 8 |
| | 20 |

4

  III. Treatment of Multiple Objects
    § 3D1.4(b)             <u>1</u>
  IV. Expected Adjustment under § 3E1.1    <u>-3</u>
                      24

  c. As indicated above, the United States agrees that it will recommend that the Court reduce by three levels the sentencing guideline applicable to the defendant's offense, pursuant to U.S.S.G § 3E1.1, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. The United States, however, will not be required to make these recommendations if any of the following occurs: (1) defendant fails or refuses to make a full, accurate and complete disclosure to this office or the probation office of the circumstances surrounding the relevant offense conduct and his present financial condition; (2) defendant is found to have misrepresented facts to the United States prior to entering this plea agreement; (3) defendant commits any misconduct after entering into this plea agreement, including but not limited to, committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official; or (4) defendant fails to comply with any terms of this plea agreement.

  d. The defendant understands that his Criminal History Category will be determined by the Court after the completion of a Pre-Sentence Investigation by the U.S. Probation Office. The defendant acknowledges that the United States has not promised or agreed that the defendant will or will not fall within any particular criminal history category and that such determinations could affect his guideline range and/or offense level as well as his final sentence.

  10. The defendant and the United States agree that neither party will seek or advocate for or suggest in any way an adjustment to or a departure from the sentencing guidelines other than those

explicitly set forth in this agreement or for a sentence outside of the range determined to be applicable under the advisory Sentencing Guidelines, provided that those guidelines are calculated as set forth above.

11. The parties agree that U.S.S.G. § 5E1.2 provides that the Court shall impose a fine for a guideline offense at level 24 of $10,000 to $100,000, unless the Court finds that the defendant is unable to pay a fine. The defendant understands that the Court must order that the defendant make restitution to victims of these offenses for the full amount of the loss. The Court may take restitution into account in imposing a fine.

12. The defendant agrees to fully cooperate in this and any other case or investigation with attorneys for the United States of America, and federal and state law enforcement agencies by providing truthful and complete information, evidence and testimony, if required, concerning any matter. The defendant understands that if he makes material false statements intentionally to law enforcement, commits perjury, suborns perjury, or obstructs justice, he may be found to have breached this agreement and nothing in this agreement precludes the United States of America or any other law enforcement authority from prosecuting him fully for those crimes or any other crimes of which he may be guilty and from using any of his sworn or unsworn statements against him. The defendant understands that this plea agreement is explicitly dependent upon his providing completely truthful testimony in any trial or other proceeding, whether called as a witness by the government, the defense or the Court.

13. Further, in the event that the United States determines in its exclusive discretion that the defendant has fully complied with this agreement and provided "substantial assistance" to law enforcement officers in the investigation and prosecution of others, the United States agrees it will

6

file a motion for a downward departure pursuant to Section 5K1.1 and 18 U.S.C. § 3553(e) of the United States Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure, respectively.  Such assistance by the defendant shall include his cooperation in providing truthful and complete testimony before any grand jury and at any trial as requested by the United States and in interviews by investigators.  If the United States files a motion either under § 5K1.1 of the guidelines or Rule 35, both parties will have the right to present facts regarding Scanlon's cooperation and to argue for the extent of the departure that is appropriate based on the defendant's cooperation.  However, the defendant further understands that the decision whether to depart, and the extent of any departure for substantial assistance is the exclusive province of the Court.

14.  The United States can not and does not make any promise or representation as to what sentence the defendant will receive or what fines or restitution the defendant may be ordered to pay.  The defendant understands that the sentence in this case will be determined solely by the Court, with the assistance of the United States Probation Office and that the Court may impose the maximum sentence permitted by the law.  The Court is not obligated to follow the recommendations of either party at the time of sentencing.  The defendant will not be permitted to withdraw his plea regardless of the sentence recommended by the Probation Office or the sentence imposed by the Court.

15.  The defendant, knowing and understanding all of the facts set out herein, including the maximum possible penalty that could be imposed, and knowing and understanding his right to appeal the sentence as provided in 18 U.S.C. § 3742, hereby expressly waives the right to appeal any sentence within the maximum provided in the statute of conviction or the manner in which that sentence was determined and imposed, including on the grounds set forth in 18 U.S.C. § 3742, in

7

exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b).

16. If the defendant fails to comply with any of the terms and conditions set forth in this agreement, the United States may fully prosecute the defendant on all criminal charges that can be brought against the defendant. With respect to such a prosecution:

   a. The defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, or any other federal rule, that the defendant's statements pursuant to this agreement or any leads derived therefrom should be suppressed or are inadmissible;

   b. The defendant waives any right to claim that evidence presented in such prosecution is tainted by virtue of the statements the defendant has made; and

   c. The defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this agreement is signed by the parties.

17. If a dispute arises as to whether the defendant has knowingly committed any material breach of this agreement, and the United States chooses to exercise its rights under Paragraph 16, at the defendant's request, the matter shall be submitted to the Court for its determination in an appropriate proceeding. At such proceeding, the defendant's disclosures and documents shall be admissible and the United States shall have the burden to establish the defendant's breach by a preponderance of the evidence.

18. The parties agree that if the Court does not accept the defendant's plea of guilty, then this agreement shall be null and void.

19. The defendant understands that this agreement is binding only upon the Public Integrity Section and the Fraud Section of the Criminal Division of the United States Department of Justice and the United States Attorney's Office for the Southern District of Florida. This agreement does not bind any other prosecutor's office or agency. It does not bar or compromise any civil claim that has been or may be made against the defendant.

20. This agreement and the attached Factual Basis for Plea constitute the entire agreement between the United States and the defendant. No other promises, agreements, or representations exist or have been made to the defendant or the defendant's attorneys by the Department of Justice in connection with this case. This agreement may be amended only by a writing signed by all parties.

FOR THE UNITED STATES

Dated: November 17, 2005

NOEL L. HILLMAN
Chief, Public Integrity Section

Mary K. Butler
M. Kendall Day
Trial Attorneys
Criminal Division
U.S. Department of Justice

PAUL E. PELLETIER
Acting Chief, Fraud Section

Guy D. Singer
Nathaniel B. Edmonds
Trial Attorneys
Criminal Division
U.S. Department of Justice

R. ALEXANDER ACOSTA
United States Attorney
Southern District of Florida

for Lawrence D. LaVecchio
Paul F. Schwartz
Assistant U.S. Attorneys

10

FOR THE DEFENDANT

Dated: 11/11/05

*[signature]*
MICHAEL P.S. SCANLON
Defendant

*[signature]*
STEPHEN BRAGA, ESQ.
Counsel for Defendant

*[signature]*
PLATO CACHERIS, ESQ.
Counsel for Defendant